UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TIFFANY PAULK,

    Plaintiff,

v.   Case No. 3:24-cv-431-TJC-JBT

SERGEANT SESSLER and
TRANSPORT OFFICER,

    Defendants.

## ORDER

Plaintiff, an inmate of the Florida penal system who is housed at Lowell Correctional Institution, initiated this action in the Tampa Division of this Court by filing a civil rights Complaint under 42 U.S.C. § 1983. Doc. 1. The Honorable Mary S. Scriven, United States District Judge, later transferred the case to this division. See Doc. 2. Plaintiff names two Defendants – Sergeant Sessler and an unknown Transport Officer. Doc. 1 at 2.

Plaintiff alleges that on February 22, 2021, after she underwent surgery at Jacksonville Memorial Hospital, Defendants, who are both officers at Lowell C.I., came to the hospital to transport her back to Lowell C.I. Id. at 5. According to Plaintiff, when Defendants escorted her to the transport van, she was still experiencing effects from the anesthesia and was wearing a medical bracelet

labeling her as a "fall risk" and a "seizure risk." Id. Plaintiff states she was also wearing a belly chain, leg restraints, and handcuffs. Id. She maintains that despite her condition, she "was refused assistance to secure a safe entrance [and] ordered to step up into [the] [transport] van." Id. When she tried to enter, she fell out of the transport van and hit her head on the pavement. Id. Immediately after the fall, hospital staff readmitted her and treated her for a concussion. Id. She argues Defendants' actions violated her rights under the Eighth Amendment and seeks compensatory damages as relief. Id.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). As for whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the

2

elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). But the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017)[1] (citing GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff's claims against Defendants are subject to dismissal under this Court's screening obligation because she fails to "state a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678. To state a claim under § 1983,

---

[1] Although the Court does not rely on unpublished opinions as precedent, they may be cited in this Order because the Court finds their reasoning persuasive on a particular point. See McNamara v. GEICO, 30 F. 4th 1055, 1060-61 (11th Cir. 2022). Rule 32.1 of the Federal Rules of Appellate Procedure permits the Court to cite unpublished opinions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

3

a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." See Bingham, 654 F.3d at 1175 (alteration in original).

The Court construes Plaintiff's allegations as raising an Eighth Amendment claim related to the conditions of her confinement. The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). "To establish an Eighth Amendment violation, a prisoner must satisfy both an objective and subjective inquiry regarding a prison official's conduct." Oliver v. Fuhrman, 739 F. App'x 968, 969 (11th Cir. 2018) (citing Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004)). The Eleventh Circuit has explained:

> Under the objective component, a prisoner must allege a condition that is sufficiently serious to violate the Eighth Amendment. Id.[2] The challenged condition must be extreme and must pose an unreasonable risk of serious damage to the prisoner's future health or safety. Id. The Eighth Amendment guarantees that prisoners are provided with a minimal civilized level of life's basic necessities. Id.

---

[2] Chandler, 379 F.3d at 1289.

4

Oliver, 739 F. App'x at 969-70. Next, "[t]o make out the subjective component of an Eighth Amendment deliberate-indifference claim, a plaintiff must establish that the defendant (1) had subjective knowledge of a risk of serious harm, (2) disregarded that risk, and (3) acted with more than gross negligence." Wade v. McDade, 67 F.4th 1363, 1374 (11th Cir. 2023) (emphasis in original).

Here, Plaintiff seems to claim Defendants' failure to help her into the transport van after her surgery amounted to a violation of her Eighth Amendment rights. But Plaintiff's factual allegations, read liberally and accepted as true, do not support an inference that Defendants have violated any constitutional or federal rights sufficient to maintain an action under § 1983. Although Plaintiff alleges she was still heavily medicated and wearing a medical bracelet indicating she was a "fall risk" and a "seizure risk," she fails to allege facts suggesting that stepping into the transport van presented a substantial risk of serious harm. Rather, Plaintiff's allegations, at most, may suggest that Defendants acted negligently in failing to help her into the transport van. See Doc. 1 at 7 (Plaintiff states her grievances about this incident had allegations of "neglect leading to injury"). But allegations of mere negligence do not rise to the level of a constitutional violation under § 1983. See Harris v. Coweta Cnty., 21 F.3d 388, 393 (11th Cir. 1994) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)) ("Accidents, mistakes, negligence, and medical

5

malpractice are not constitutional violation[s] merely because the victim is a prisoner.") (internal quotation marks omitted; alteration in original); see also Oliva v. Rupert, 555 F. App'x 287, 288 (5th Cir. 2014) (finding prisoner's allegations against two transport officers about falling while exiting prison van amounted to negligence and did not state a claim under § 1983); Daniels v. Williams, 474 U.S. 327, 328 (1986) (holding that a prisoner did not state a claim under § 1983 where he alleged he slipped on a pillow a guard negligently left on a stairway). Thus, Plaintiff fails to state a claim against Defendants and this case is due to be dismissed.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of June, 2024.



TIMOTHY J. CORRIGAN
United States District Judge

6

Jax-7
C:   Tiffany Paulk, #W42493

7